<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK ROGER HINKSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL, et al.,<br><br>Defendants. | Civil Action No. 24-06974 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

<u>**CASTNER, United States District Judge**</u>

This matter comes before the Court on pro se Plaintiff Frederick Roger Hinkson's Application to Proceed *In Forma Pauperis* (IFP) together with Hinkson's complaint against Defendants United States District Court for the District of New Jersey; the Honorable Esther Salas, U.S.D.J.; and the Honorable Renee Marie Bumb, Chief U.S.D.J. (ECF Nos. 1, 1-1, 4, 5.) For the reasons set forth below, and other good cause shown, Hinkson's complaint is **DISMISSED**.

**I.      BACKGROUND**

Though the complaint's causes of action are difficult to decipher, Hinkson invokes the Family Violence Prevention and Services Act, and seeks an order granting him the following relief: an "emergency stay on [his] hotel stay at Comfort Suites"; "$600 a week for 104 weeks," not to be considered for purposes of public assistance; United States Department of Housing and Urban Development (HUD) Continuum of Care (CoC) assistance under Category 4 of the Homeless Emergency Assistance and Rapid Transition to Housing Act of 2009 (HEARTH) for an individual

fleeing domestic violence, along with "a voucher of 7000K"; a rental car and monthly moving expenses until his other lawsuit ends;[1] and appointment of pro bono counsel. (ECF No. 1 at 5.[2])

Because Hinkson sues Chief Judge Bumb and Judge Salas, this Court will screen the claims pursuant to Local Civil Rule 40.1(g) to determine if "the suit is patently frivolous, or if judicial immunity is plainly applicable." L. Civ. R. 40.1(g). The Court reviews Hinkson's other claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 8 to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from such relief.

## II. LEGAL STANDARD

### A. Local Civil Rule 40.1(g)

Local Civil Rule 40.1(g) provides that when a judge is named as a defendant, the case "shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station." Local Civ. R. 40.1(g). The rule continues that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse." *Id.* But if the matter is not frivolous or judicial immunity is not plainly applicable, "the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside of the District of New Jersey." *Id.*

---

[1] Also pending before this Court is Hinkson's IFP application and complaint in another action. *See Hinkson v. The City of New York Principal Municipality, et al.*, Civ. No. 24-06813 (D.N.J. June 1, 2024), ECF No. 1.

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

### B. IFP Applications

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### C. Review Pursuant to 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### D. Pleading Requirements—Rule 8

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III. DISCUSSION

The Court exercises its discretion to review the merits of Hinkson's complaint before it decides the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

The complaint does not include factual allegations or causes of action. The following is Hinkson's entire explanation of the "facts underlying [his] claims":

> The Facts that underline my claim is that under the Federal Family Violence Prevention and Services Act that most victims are disenfranchised and rendered unstable and nomadic. And under these extenuating living circumstances it is impossible for me to afforded the federal protections afforded to me under this federal act without my DV Fleeing Victim Circumstances obstructing or defeating all my entitled protections under this Federal Act and therefore violating my 1st Amendment Rights, Right to petition the government to redress grievances in a timely manner, freedom of speech, freedom of association, 14 Amendment equal protection under the law, and due process rights and substantive due process rights covered and substantially protected under other federal laws such as the commerce act, fair labor standards act, federal rehabilitation act, VOCA Act, Fair Housing Act, Civil Rights Act of 1964, etc....

[(ECF No. 1 at 5 (ellipses in original).)]

Based on the Court's review of the complaint, there are no facts that shed light on Hinkson's basis for suing the District Court, Chief Judge Bumb, or Judge Salas. The complaint does not describe any conduct attributable to Defendants, much less the type of conduct that might not deserve judicial immunity: "actions not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (listing the two exceptions to judicial immunity). Indeed, Hinkson's complaint is so "ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The Court therefore finds that Hinkson's complaint is patently frivolous and, as such, must be dismissed.

IV.     <u>**CONCLUSION**</u>

For the foregoing reasons, and other good cause shown,

**IT IS** on this 3rd day of July 2024 **ORDERED** as follows:

1. Hinkson's complaint (ECF No. 1) is **DISMISSED**.

2. The Clerk's Office is directed to mail Hinkson a copy of this Memorandum Order and **CLOSE** this case.

<u>s/Georgette Castner</u>
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**
